IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0060-CV-W-ODS |
| ) | |
| CENTRIX FINANCIAL, L.L.C., ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGEMENT

Pending is Defendant's Motion for Partial Summary Judgment on the Pleadings (Doc. #18). For the following reasons, the Motion is granted.

BACKGROUND

Plaintiff is an insurance company organized under the laws of Missouri and with its principal place of business in Kansas City, Missouri. Defendant is a Delaware corporation with its principal place of business in Centennial, Colorado. Plaintiff insured Defendant. The parties also entered into an agreement which addressed the allocation of certain expenses with respect to the location and repossession of vehicles. Plaintiff filed its Second Amended Complaint on February 13, 2006. Count I alleges "damages for breach of contract." Count II alleges Plaintiff erroneously returned to Defendant a premium payment and was owed $1,101,740.25. Plaintiff requests repayment of the premium and $5,000,000.00 in punitive damages. Defendant filed this motion for partial summary judgment on punitive damages.

DISCUSSION

Under Missouri law, punitive damages cannot be recovered in breach of contract actions. Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 903 (Mo. 1990). However, there are two exceptions to this rule. The first is the independent tort exception where the breach amounts to an independent, willful tort and there are proper

allegations of malice, wantonness, or oppression. Id. at 903.  A second exception permits recovery of punitive damages when the breach of contract is coupled with violations of a fiduciary duty. Id. Further, specific pleading is necessary.

Defendant contends Plaintiff's theory of recovery under Count II is based upon unjust enrichment, a contractual theory, and is therefore barred from recovering punitive damages.  Plaintiff argues Count II is the separate and independent tort of conversion.  Conversion is a tort against the right of possession.  Conversion requires the proof of three elements: (1) the plaintiff is entitled to possession of the property; (2) the defendant exercised unauthorized control over the property; and (3) the defendant deprived the plaintiff of its right to possession. Lafayette v. Courtney, 189 S.W. 3d 207, 210 (Mo. App. 2006).  Conversion is not generally a proper theory when a claim involves money. Johnson v. GMAC Mortg. Corp., 162 S.W. 3d 110, 125. (Mo. App. 2005). However, while the Second Amended Complaint includes an untitled Count II, Plaintiff does not does specifically plead a cause of action for conversion.  Further,"although couched in terms of tortious interference with contract and fiduciary duty, the essence of the petition is a simple breach of contract claim." Procter v. Tomahawk Mortgage Company, Inc., 750 S.W. 2d 547, (Mo. App. 1988).

## CONCLUSION

Therefore, Defendant's Motion for Partial Summary Judgment is granted and Plaintiff's will be precluded from seeking punitive damages.

IT IS SO ORDERED.

DATE: August 11, 2006  /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2